# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SHELIA MOORE, AMARI MOORE and DAVIUS KAY,<br><br>*Plaintiffs,*<br><br>v.<br><br>UTICA SHELBY AUTOMOTIVE, INC.,<br><br>*Defendant.* | CIVIL ACTION NO.<br>5:25-cv-00026-TES |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Utica Shelby Automotive, Inc.'s ("Utica") Motion for Summary Judgment. [Doc. 10].

### FACTUAL BACKGROUND[1]

Plaintiffs Shelia Moore, Amari Moore, and Davius Kay were in bumper-to-bumper traffic on Interstate 475 on or about December 26, 2022, in Monroe County, Georgia. [Doc. 13-1, ¶¶ 1, 5]. They were stopped directly behind a tractor-trailer. [*Id.* at ¶ 5]. Plaintiffs say the tractor-trailer was hauling multiple cars, including a distinctive red or burgundy SUV. [*Id.* at ¶ 11]. Amari Moore even says she saw a blue license plate, and remembers the last three numbers were 1, 3, and 0 in some order. [*Id.* at ¶ 12].

---

[1] Much of the factual background is drawn from Plaintiffs' Response to Defendant's Statement of Undisputed Material Facts [Doc. 13-1] because that filing contains Defendant's propositions and Plaintiffs' responses.

While in bumper-to-bumper traffic, the tractor-trailer rolled backward into the front of Plaintiffs' car, pushing it into another car driven by non-party Shonda Morgan. [*Id.* at ¶ 5]. The Airbag Control Module (ACM) data on Plaintiffs' vehicle did not record an event on the date of this accident. [*Id.* at ¶ 7]; [Doc. 10-9, p. 9]. The traffic cleared up immediately following the accident, and the tractor-trailer drove away. [*Id.* at ¶ 8].

After the accident, Plaintiffs called their relative, James Moore, who was separately driving toward Atlanta. [*Id.* at ¶ 13]. He told Plaintiffs that he had seen a tractor-trailer on the side of the interstate or at a truck stop like the one they described. [*Id.*]. Plaintiffs arrived at that location about an hour later, found the tractor-trailer, and photographed its license plate. [*Id.* at ¶¶ 13, 14]; [Doc. 13-4, S. Moore Dep., p. 40:20-23]. The tractor-trailer belonged to Utica. [Doc. 13-1, ¶¶ 1–3, 15]. One of Utica's employees— non-party Kenneth Babson—was transporting a load of used vehicles from Florida to Michigan on December 26, 2022. [*Id.* at ¶ 2]. However, Babson denies being involved in a motor vehicle accident on that day. [*Id.* at ¶ 4]. Plaintiffs did not receive medical treatment on the date of the accident. [*Id.* at ¶ 16].

## LEGAL STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving

party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party bears the initial responsibility of informing the court of the basis for its motion." *Four Parcels*, 941 F.2d at 1437. The movant may cite to particular parts of materials in the record, including, "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1)(A).[2] "When the nonmoving party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material negating the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels*, 941 F.2d at 1437–38 (quoting *Celotex*, 477 U.S. at 323). Rather, "the moving party simply may show—that is, point out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 1437–38 (quoting *Celotex*, 477 U.S. at 324) (cleaned up). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

If this initial burden is satisfied, the burden then shifts to the nonmoving party,

---

[2] Courts may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

3

who must rebut the movant's showing "by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or[] is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249–50). "A mere scintilla of evidence supporting the [nonmoving] party's position will not suffice." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Further, where a party fails to address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c), the Court may consider the fact undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. Succinctly put,

> [s]ummary judgment is not a time for fact-finding; that task is reserved for trial. Rather, on summary judgment, the district court must accept as fact all allegations the [nonmoving] party makes, provided they are sufficiently supported by evidence of record. So[,] when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. Indeed, if "the only issue is one of credibility," the issue is factual, and a court cannot grant summary judgment.

*Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020) (internal citations omitted). Stated differently, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "The evidence of the [nonmovant] is to be believed, and

4

all justifiable inferences are to be drawn in [its] favor." *Id.* at 255. And "if a reasonable jury could make more than one inference from the facts, and one of those permissible inferences creates a genuine issue of material fact, a court cannot grant summary judgment"; it "must hold a trial to get to the bottom of the matter." *Sconiers*, 946 F.3d at 1263. Finally, "[a]lthough this is a diversity action and Georgia state law therefore provides the controlling substantive law," the Federal Rules of Civil Procedure, specifically Rule 56, supplies the relevant legal standard. *Hutcherson v. Progressive Corp.*, 984 F.2d 1152, 1155 (11th Cir. 1993); Fed. R. Civ. P. 56.

## **DISCUSSION**

Utica alleges there is no genuine issue of material fact as to (1) whether it owned or operated the vehicle allegedly involved in the accident, and (2) whether the low-speed accident caused Plaintiffs' alleged injuries. [Doc. 10, pp. 6, 13]. As the movant, Utica has not met its burden of showing there is no genuine dispute of material fact as to either issue. The Court addresses each issue below.

    **1.**    **There is a genuine dispute of material fact about whether Utica's truck was involved in the accident with Plaintiffs.**

First, Utica alleges that "Plaintiffs never identified the car hauler driver, took no identifying information at the scene, and the police report expressly states 'no information on the car hauler could be provided.'" [*Id.* at p. 7 (alterations accepted)]. In other words, Utica alleges Plaintiffs have insufficient evidence to establish that its truck was the truck involved in the accident. "Where a plaintiff can point to a specific vehicle

5

that may or may not have been involved in the accident . . . court[s] must determine whether [a] plaintiff has presented sufficient evidence upon which reasonable jurors might infer that the defendant's vehicle was indeed involved." *Pleasant v. Neesmith Timber Co., Inc.*, No. 408cv192, 2010 WL 2697109, at *4 (S.D. Ga. July 7, 2010) (citing *Ross v. A Betterway Rent-a-Car, Inc.*, 444 S.E.2d 604, 605–06 (Ga. Ct. App. 1994)). Therefore, the question here is: what evidence is sufficient for a reasonable jury to infer that Utica's truck was indeed involved?

Plaintiffs' evidence is as follows. Plaintiff Amari Moore testified that the tractor-trailer was hauling a red or burgundy SUV. [Doc. 13-1, ¶¶ 11, 12]. She remembers a blue license plate with the last three numbers being 1, 3, and 0 in some order. [*Id.*]. Plaintiff Sheila Moore also testified that the truck was hauling a burgundy car with a dark grey bumper. [Doc. 13-4, S. Moore Dep., p. 36:1–19]. Utica's driver, Kenneth Babson, was transporting a load of used vehicles from Florida to Michigan on the date of the accident. [Doc. 13-1, ¶ 2]. The location of the accident was a stretch of road Kenneth Babson has driven "twice a week every week." [Doc. 10-4, K. Babson Dep., p. 2:12–17]. Furthermore, according to his driver's log from that day, he left Adel, Georgia, around 3:30 in the afternoon. [Doc. 13-6, p. 2]. Finally, Plaintiffs point to the "scuff marks" on the bottom of one of the cars on Utica's trailer. *See* [Doc. 14-3, K. Babson Dep., p. 3:4–12]. All wrapped up, Plaintiffs have two testimonies identifying Utica's vehicle as the one that hit them, evidence that Utica was driving through the location of

6

the accident on the day in question, Utica's driver's location a few hours prior to the accident, and some physical evidence.

Utica argues that Plaintiffs' evidence is merely circumstantial, and instead Plaintiffs are required to produce "contemporaneous, on-scene evidence linking Utica's truck to this accident." [Doc. 13, pp. 9–10]; [Doc. 14, p. 3]. However, Plaintiffs do not have to "produce evidence definitively showing that [Utica]'s truck hit" them, but rather evidence "that can support a 'reasonable inference' of that fact." *Estate of Serrano v. New Prime, Inc.*, No. 1:11-cv-01250-JEC, 2013 WL 2637023, at *4 (N.D. Ga. June 12, 2013) (quoting *Patrick v. Macon Hous. Auth.*, 250 Ga. App. 806, 809 (2001)); *see also Berbridge v. Sam's East, Inc.*, 728 F. App'x 929, 932 (11th Cir. 2018). Plaintiffs' evidence can support a reasonable inference here. The Eleventh Circuit has "explicitly held that a plaintiff's 'self-serving and/or uncorroborated' testimony can be enough on its own 'to preclude summary judgment.'" *Walters v. Fast AC, LLC*, 60 F.4th 642, 648 (11th Cir. 2023) (quoting *United States v. Stein*, 881 F.3d 853, 857–59 (11th Cir. 2019)); *see also Patterson v. Ga. Pacific, LLC*, 38 F.4th 1336, 1350–51 (11th Cir. 2022). Although Utica disputes the accuracy and reliability of Amari Moore's testimony and the photos Plaintiffs took of the trailer,[3] their "credibility is not before the Court." *Doyle v. Kulenovic*, No. cv 410-241,

---

[3] Utica argues, for example, that "Amari Moore could have easily seen the color and license plate of the last car on the hauler after she located Utica's truck at the rest stop." [Doc. 10, p. 10]. However, even "if the [record] renders a party's story . . . unlikely . . . the default rule kicks in: [courts] must accept the party's version for purposes of considering the motion for summary judgment." *Skindariene v. Royal Caribbean Cruises, Ltd.*, No. 24-cv-23005-ALTMAN/Lett, 2025 WL 2798137, at *4 (S.D. Fla. Oct. 1, 2025) (quoting *Brooks v. Miller*, 78 F.4th 1267, 1278 (11th Cir. 2023).

7

2011 WL 13153249, at *1 (S.D. Ga. Dec. 20, 2011); *Anderson*, 477 U.S. at 255; *Sconiers*, 946 F.3d at 1263.

In its argument, Utica points to *Pearson v. John Doe*, No. 21-14470, 2022 WL 7952610 (11th Cir. Oct. 14, 2022)—among several other cases—to support its assertion that Plaintiffs' evidence is insufficient to link Utica's truck to the accident. However, the cases Utica points to do not fit the issue here. The Court addresses *Pearson*, specifically, since it is the Eleventh Circuit case Utica cited. 2022 WL 7952610. The *Pearson* court held that "[i]t is too great an inferential leap to presume ownership or agency based merely on the visual observation of a company's name or distinctive insignia on a vehicle." 2022 WL 7952610, at *2. The Court stated that the plaintiff had to provide "specific evidence giving rise to a triable issue on whether the company owned the vehicle that caused the accident and whether the driver of the vehicle was an employee or agent of the company and was driving the vehicle in the course and scope of his employment." *Id.* (internal citations omitted) (cleaned up). That is not the issue here.

Here, the record shows "specific evidence" that Utica did have a driver on the road at the time of the accident—indeed, driving a route that passed through the location of the accident—who was driving a Utica truck within the scope of his employment. *Pearson*, 2022 WL 7952610, at *2; [Doc. 12-2, p. 2]; [Doc. 10-4, p. 2]; [Doc. 13-6, p. 2]. In other words, the question is not whether Utica owns the truck Plaintiffs photographed, or whether its driver was driving within the scope of his employment at

8

the time of the accident—which fall into the caselaw Utica argues. Those facts are not disputed. *See, e.g.*, [Doc. 10, pp. 1, 4]. Instead, the question is whether Utica's driver and truck were involved in the accident on December 26, 2022, as Plaintiffs testify, or whether Utica's driver and truck were not, as Kenneth Babson testifies. [Doc. 13-1, ¶ 1]; [Doc. 10-4, K. Babson Depo., p. 26: 1–16]; [Doc. 10-7, A. Moore Dep., pp. 16:17–17:19]; [Doc. 13-4, S. Moore Dep., pp. 29:7–30:14]. As the Court previously stated, it is not the Court's job at summary judgment to make credibility determinations or weigh the evidence. *Anderson*, 477 U.S. at 255. Therefore, there is a genuine dispute of material fact as to whether Utica's truck driven by Kenneth Babson on December 26, 2022, was the same truck that allegedly hit Plaintiffs' car.

Before moving on, Utica essentially asks the Court to find Plaintiffs' evidence lacking in some manner, either as "circumstantial" or simply insufficient. *See, e.g.*, [Doc. 10, pp. 8, 10]; [Doc. 14, pp. 1–2, 4, 5]. In other words, Utica is asking the Court to find that Plaintiffs' evidence is "merely colorable" under Rule 56. *Anderson*, 447 U.S. at 249; Fed. R. Civ. P. 56. However, drawing all reasonable inferences in the Plaintiffs' favor as the nonmovant, there is sufficient "controverted evidence in the record . . . which affords more than merely colorable substance to [Plaintiffs'] assertions." *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967); *see also Anderson*, 477 U.S. at 249; *Skindariene*, 2025 WL 2798137, at *4. To find otherwise, the Court would have to weigh the credibility and believability of evidence, and ignore the standard for summary judgment, which it

9

cannot do. *Anderson*, 477 U.S. at 255; *Skindariene*, 2025 WL 2798137, at *4.

### 2. There is a genuine dispute of material fact about whether the low-speed accident here could cause Plaintiffs' injuries.

Second, Utica argues that Georgia law[4] requires expert testimony to establish causation here, and it points to the fact that Plaintiffs did not disclose any experts during discovery, prohibiting their ability to establish causation. [Doc. 10, pp. 13–16]. Utica, on the other hand, does have an expert to testify about causation. [*Id.* at p. 15]. Therefore, Utica argues that summary judgment is appropriate. [*Id.* at 16].

Under Georgia law, typical negligence cases do not need expert testimony. *Cooper v. Marten Transp., Ltd.*, 539 F. App'x 963, 967–68 (11th Cir. 2013) (citing *Cowart v. Widener*, 697 S.E.2d 779, 784 (Ga. 2010)). Although Utica has not structured its arguments this way, the Court breaks down the arguments under Georgia law into three categories. Georgia allows a lay jury to "conclude from common knowledge that a causal connection exists between an accident and an injury where there is a short lapse between the accident and the onset of [a] plaintiff's symptoms." *Adams v. Heinrichs*, No. 1:20-cv-04899-JPB, 2022 WL 4332059, at * 3 (N.D. Ga. Sept. 19, 2022) (citing *Hutcheson v. Daniels,* 481 S.E.2d 567, 569 (Ga. Ct. App. 1997)); *see also Cooper*, 539 F. App'x at 968. "[T]his rule [is] especially applicable in cases involving injuries suffered in automobile

---

[4] "The burden of proof concerning the state-law claims 'is a substantive issue and is therefore controlled by state law.'" *Neal v. Town & Country Ford LLC*, No. 2:23-cv-01139-MHH, 2025 WL 2809992, at *1 (N.D. Ala. Sept. 30, 2025) (quoting *Wynfield Inns v. Edward LeRoux Grp., Inc.*, 896 F.2d 483, 491 (11th Cir. 1990)); *see also Cooper v. Marten Transport, Ltd.,* 539 Fed. App'x 963, 968 (11th Cir. 2013).

10

crashes." *Sandler v. Coger*, 908 S.E.2d 399, 405 (Ga. Ct. App. 2024) (citing *Safeway Ins. Co. v. Hanks*, 747 S.E.2d 890 (Ga. Ct. App. 2013)). However, if a "medical question" is involved, expert testimony is required. *Cowart*, 697 S.E.2d at 784. A medical question is a situation "where the existence of a causal link between [a] defendant's conduct and [a] plaintiff's injury cannot be determined from common knowledge and experience and instead requires the assistance of experts with specialized medical knowledge." *Id.*

Here, Plaintiffs' injuries are not sufficiently complicated to constitute "medical questions" under Georgia law. Plaintiff Sheila Moore suffered from a torn rotator cuff and a lower lumbar sprain prior to the accident. [Doc. 13-4, S. Moore Dep., p. 42:21–22]. The accident worsened those injuries and caused her to experience a new "stiffness of [her] neck." [*Id.* at p. 43:3–4]. Plaintiff Amari Moore experienced tightness in her back and the back of her neck after the accident. [Doc. 10-7, A. Moore Dep., p. 31:9–10]. These injuries are not complicated enough to be "medical questions." *See Safeway Ins. Co. v. Hanks*, 747 S.E.2d 890, 891–92 (Ga. Ct. App. 2013) (plaintiff not required to present expert testimony about whether the car accident caused his back injury or aggravated a pre-existing back injury); *Barwick v. Dillard House, Inc.*, No. 2:22-cv-173-RWS, 2023 WL 11909766, at *15 (N.D. Ga. Dec. 14, 2023) (right shoulder injury is not a complicated medical question).

Plaintiffs' injuries also satisfy Georgia's "short lapse" test. *Adams*, 2022 WL 4332059, at *3 (citing *Hutcheson*, 481 S.E.2d at 569). Plaintiffs did not seek medical

11

treatment until the day after the accident. [Doc. 13-4, S. Moore. Dep., p. 42:3–15]. Georgia courts do not seem to have defined an exact timeframe for what constitutes a "short lapse" period between the accident and a plaintiff's symptoms. Although the symptoms here did not appear immediately after the 6:00 p.m. accident, they appeared the next morning. [*Id.*]. This is a sufficiently short lapse of time for a lay jury to decide causation. *See Cooper*, 539 F. App'x at 967–68 (holding that plaintiffs did not need to provide expert testimony when they did not indicate they were injured to the police after a low-speed tractor-trailer accident, drove away from the scene, and did not seek treatment until the next evening after a low-speed collision with a tractor trailer), *and Cooper*, No. 1:10-cv-03044-JOF, 2013 WL 11902777, at *1 (N.D. Ga. Feb. 12, 2013) (detailing the facts in *Cooper*); *see also Hutcheson*, 481 S.E.2d at 568–69 (holding that wrist problems beginning a few days after the accident was a "short lapse" under the Georgia standard); *Martin v. Prospect Airport Services, Inc.*, No. 1:21-cv-449-MLB, 2022 WL 2192228, at *2–4 (N.D. Ga. June 17, 2022) (holding that a paraplegic with no feeling in his legs was able to rely on sequence of events alone—without expert testimony—when he did not experience any pain after injury, and did not go to the emergency room until three days later). Therefore, Plaintiffs satisfy Georgia's "short lapse" of time test.

Finally, Plaintiff Sheila Moore's pre-existing injuries do not require expert testimony here. As previously stated, Plaintiff Sheila Moore suffered from a torn rotator cuff and a lower lumbar sprain prior to the accident. [Doc. 13-4, S. Moore Dep., p. 42:21–

22]. The accident worsened those injuries and caused her to experience a new "stiffness of [her] neck." [*Id.* at p. 43:3–4]. Plaintiff Amari Moore did not have pre-existing injuries before the accident, but did experience tightness in her back and the back of her neck. [Doc. 10-7, A. Moore Dep., p. 31:9–10]. "[W]hile . . . [Plaintiffs'] injuries *may* have been the result of preexisting conditions. . . such evidence create[s] a dispute of material fact that [this Court is] not authorized to resolve at the [summary-judgment] stage." *Cooper*, 539 F. App'x at 968 (citing *Cowart*, 697 S.E.2d at 782; *Hutcheson*, 481 S.E.2d at 568–69) (emphasis added); *see also Smith v. United States*, No. 5:21-cv-237 (CAR), 2024 WL 1217400, at *4 (M.D. Ga. Mar. 21, 2024) (denying summary judgment despite a pre-existing knee injury and no expert witness); *Adams*, 2022 WL 4332059 at *4–5 (denying summary judgment despite the accident occurring while a plaintiff was driving home from a doctor's appointment regarding pre-existing leg and back pain); *Bruce v. Classic Carrier, Inc.*, No. 1:11-cv-01472-JEC, 2014 WL 1230231, at *8 (N.D. Ga. Mar. 24, 2014) (denying summary judgment because, in part, a plaintiff experienced new symptoms in addition to those that pre-existed the accident); *Patterson v. United States*, Cv 116-193, 2018 WL 3863528, at *3 (S.D. Ga. July 2, 2018) (holding that a jury does not need an expert testimony for whether a slip and fall can aggravate prior neck, back, or shoulder injuries); *Smith v. Captain DS LLC*, 757 F.Supp.3d 1367, 1378 (M.D. Ga. Nov. 21, 2024) (denying summary judgment and holding that, even if an expert is needed to determine the full extent of a plaintiff's injury, summary judgment is not appropriate for causation

if a jury can determine that an injury in fact occurred) (restating *Zephaniah v. Ga. Clinic, P.C.*, 890 S.E.2d 86, 91–92 (Ga. Ct. App. 2023)).

## CONCLUSION

Therefore, Utica has not met its burden of showing there's no dispute of material fact as to either issue. For the first issue, there is a genuine dispute of material fact about whether Utica's truck driven by Kenneth Babson was the truck allegedly involved in Plaintiffs' accident on December 26, 2022. For the second issue, there is a genuine dispute of material fact as to whether the low-speed accident caused Plaintiffs' injuries, and Plaintiffs' failure to produce an expert witness as to causation does not preclude such dispute. Based on the foregoing, Utica's Motion for Summary Judgment [Doc. 10] is **DENIED**.

The Court will shortly issue an order requiring the parties to prepare and submit a PreTrial Order and this case will be set for trial at the Court's next trial term in Macon for December 2025.

**SO ORDERED**, this 24th day of October, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**