IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHELIA MOORE, AMARI MOORE and DAVIUS KAY,<br><br>*Plaintiffs*,<br><br>v.<br><br>UTICA SHELBY AUTOMOTIVE, INC.<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:25-cv-00026-TES |

**ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE**

Defendant Utica Shelby Automotive, Inc. ("Utica") filed a Motion to Bifurcate the upcoming trial of this matter on the issues of liability and damages. [Doc. 18]. In its motion, Utica argued that "[b]ifurcation is necessary to avoid confusion of the jury and to preserve fairness to the parties[.]" [Doc. 18, ¶ 3]. Specifically, Utica argues that bifurcation alleviates the potential issues caused by (1) Utica's driver not being at the scene of the accident when the police arrived, (2) Plaintiffs' allegations that "they located [Utica]'s driver hours after the accident and several miles away[,]" (3) Plaintiffs' failure to "positively identify the vehicle they allege collided with them with a complete driver's license plate number," (4) Plaintiffs' failure to "positively identify or see the driver at the time of the accident," and (5) the fact that Utica "denies any involvement in the accident that forms the basis of this lawsuit." [*Id.*]. To support its argument, Utica

cited both Georgia and federal law. [Doc. 18, ¶¶ 1–2, 4 (citing Fed. R. Civ. P. 42(b); *Beauchamp v. Russell*, 547 F. Supp. 1191, 1199 (1982); O.C.G.A. § 51-12-15)].

Rule 42 of the Federal Rules of Civil Procedure reads "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The Eleventh Circuit reads Rule 42(b) to "confer[] broad discretion on the district court in this area, permitting bifurcation merely in furtherance of convenience." *Harrington v. Cleburne County Bd. Of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001). "The party requesting bifurcation has the burden to show that it is warranted in that particular case." *C.D. v. Red Roof Inns, Inc.*, No. 1:23-cv-4347-MHC, 2024 WL 5339456, at *7 (N.D. Ga. July 15, 2024) (internal citations omitted).

The Court agrees, generally, with Utica that bifurcation would be beneficial here as it would allow a jury to determine whether Utica is even the correct defendant before hearing arguments on damages. Fed. R. Civ. P. 42(b) ("to expedite and economize"). Accordingly, the Court **GRANTS** Utica's Motion to Bifurcate. Since Utica cited both federal and Georgia law, the Court notes that the decision of whether to bifurcate a trial is a procedural issue, and therefore governed by federal law, not Georgia law. *See Mascarenas v. Cooper Tire & Rubber Co.*, No. cv208-09, 2009 WL 10678627, at *1 (S.D. Ga. July 24, 2009) ("The Court's decision regarding whether to bifurcate the trial is controlled [by] Federal Rule of Civil Procedure 42, not state law."); *Nester v. Textron*,

*Inc.*, 888 F.3d 151, 153 (5th Cir. 2018) (bifurcation is a case-specific procedural matter within the sole discretion of the district court[.]"); *Plyler v. Cox*, 145 F.4th 501, 513 (4th Cir. 2025) (although North Carolina statute mandates bifurcation in certain circumstances, 'a district court is simply not bound by state law when deciding whether to bifurcate.'"). Therefore, the Court is not bound in its decision by O.C.G.A. § 51-12-15's bifurcation requirements.

**SO ORDERED**, this 7th day of November, 2025.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**